UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Terry H. Goetz, | Case No.: 19cv1603-CAB-RBM |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2] AND DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL [Doc. No. 3]** |
| v. | |
| SS Disability, | |
| Defendant. | |

Plaintiff, a non-prisoner, proceeding *pro se*, has filed a complaint based on denial of Plaintiff's individual application for social security benefits. Plaintiff has not paid the civil filing fee required to commence this action, but rather, has filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [Doc. No. 2.] Plaintiff has also filed a (one-page) Request for Appointment of Counsel. [Doc. No. 3.]

A. Motion to Proceed *In Forma Pauperis*.

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees. Plaintiff has submitted an affidavit that sufficiently shows Plaintiff lacks the financial resources to pay filing fees. Accordingly, the Court hereby **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and **ORDERS** as follows:

1. The United States Marshal shall serve a copy of the complaint, summons and order granting leave to proceed *in forma pauperis* upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

2. The Clerk of Court shall provide Plaintiff with a U.S. Marshal Form 285.

3, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or Defendant's counsel and the date of service. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a Certificate of Service will be disregarded.

B. Request for Appointment of Counsel.

The Constitution provides no absolute right to the appointment of counsel in any civil proceeding. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). In *pro se* and *in forma pauperis* (IFP) proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they may request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). An indigent civil plaintiff who seeks appointment of counsel must first make a reasonably diligent effort to obtain counsel before a court may exercise its discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Only after that effort to secure counsel will a court consider whether exceptional circumstances exist to warrant a request for appointment. *Id.*

A finding of exceptional circumstances "requires an evaluation of both the

likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotations omitted). Neither of the *Wilborn* factors are dispositive, and they must be viewed together before the district court reaches its decision. *Id.*

Here, Plaintiff has filed an incomplete request for appointment of counsel, as it is only one page and does not have any information about diligent efforts to obtain legal counsel, nor any showing of "exceptional circumstances." [Doc. No. 3.] Therefore, the request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: September 20, 2019

Hon. Cathy Ann Bencivengo
United States District Judge